# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GREGORY TYSON BELOW,

Petitioner,

v.                                                                 Case No. 17-CV-1709-JPS

BRIAN FOSTER,                                                      **ORDER**

Respondent.

## 1.     INTRODUCTION

On December 7, 2017, the petitioner Gregory Tyson Below ("Below") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). He was convicted on March 9, 2011, after proceeding to trial in Milwaukee County Circuit Court, on twenty-nine charges, including kidnapping, strangulation and suffocation, sexual assault, substantial battery, reckless injury, and one count of solicitation of prostitutes. *See Id.* at 2. He was sentenced to 218 years of initial confinement and 96 years of supervision. *Id.* Along with his petition for a writ of habeas corpus, Below has also filed a motion for a stay and abeyance of this action while he returns to the Wisconsin state courts to properly exhaust certain of the claims he seeks to present here. (Docket #2).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not

entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

In the balance of this Order, the Court will conduct a Rule 4 screening of Below's petition and address Below's motion for a stay and abeyance.

2.      **ANALYSIS**

   **2.1     Statute of Limitations**

The court begins its Rule 4 review by examining the timeliness of Below's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Below's petition is timely. From the face of the petition, it appears that Below's direct appeal concluded on September 14, 2016. (Docket #1 at 3). He did not file a petition for certiorari to the United States Supreme Court. *Id.* at 35. Thus, Below's one-year limitations clock began to run on December 14, 2016, the day following the ninety-day period

for filing a certiorari petition. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *see also* 28 U.S.C. § 2244(d)(1)(A). Because the petition in this case was filed on December 7, 2017, it appears that Below satisfied the time constraints of Section 2244(d). Of course, if the Court's understanding is incorrect, Respondent remains free to raise the statute of limitations as a defense to Below's petition.

### 2.2    Exhaustion of State Court Remedies

The court continues its Rule 4 review by examining Below's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in

intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Below presents four grounds for relief that he claims have been properly exhausted: (1) the trial court erred in denying Below's request for a severance, which resulted in Below having one trial for more than forty charges alleged by nine different women; (2) the trial court erred in denying his motion to suppress evidence, including his DNA, obtained from a search warrant that was not supported by probable cause; (3) the trial court erred in denying his motion for *in camera* review of certain records; and (4) ineffective assistance of trial counsel based on evidentiary missteps. (Docket #1 at 37-43). According to the face of the petition, it appears that Below presented grounds one through four to each level of Wisconsin state court review. *See id*. Accordingly, the Court cannot conclude that it "plainly" appears from the record that Below did not exhaust these grounds.

However, Below goes on in his petition to assert ten additional grounds for relief (grounds five through fourteen) that he concedes have not been exhausted. *Id.* at 43-47. Each of these ten grounds is premised on

ineffective assistance of appellate counsel. *Id.*

If a federal habeas petition contains exhausted and unexhausted claims—a "mixed" petition—the district court may be required to dismiss the entire petition and leave the petitioner the choice of either returning to state court to exhaust the unexhausted claims or amending the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Because Below presents a "mixed" petition, the Court must give him that choice. He can either: (1) dismiss this petition in its entirety in order to exhaust his unexhausted claims in state court; or (2) elect to proceed on only the exhausted claims described above. If he dismisses the unexhausted claims, then the Court will be able to consider only his exhausted claims.

If Below elects option (2) and wishes to dismiss his unexhausted claims and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claims; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. If Below elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his unexhausted claims in state court, he may notify the Court of that decision by letter. The Court hereby warns Below that if he proceeds only on the exhausted claims, he may not be able to proceed on his other claims in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2). Similarly, if he dismisses his petition to exhaust the unexhausted claims, he will run the risk that the one-year statute of limitations will expire before he returns to federal court. *See id.* § 2244(d). Whichever course of action Below elects to take, the Court will require him to file his amended petition or letter as described herein within **thirty (30) days** of the entry of this Order.

The Court is cognizant of the Seventh Circuit's admonition that a district court should consider a stay, as opposed to outright dismissal of unexhausted claims, if dismissing claims without prejudice will "effectively end any chance at federal habeas review, that is, when there is a substantial risk that it comes too late for the prisoner to re-file[.]" *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Below has requested such a stay and, for the reasons explained below, it is not warranted in this case.

### 2.3     Stay and Abeyance

Acknowledging that he has not exhausted ten of the fourteen claims he presents in his petition, Below asks the Court to stay this habeas proceeding so that he can exhaust his state remedies as to grounds five through fourteen. *See* (Docket #2). Under *Rhines v. Weber*, the Court should grant a stay and abeyance when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. 269, 278 (2005).

But Below has not demonstrated that good cause excuses his failure to exhaust, and so the Court is constrained to deny his request for a stay and abeyance. Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition: (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Id.* at 270. There has been little development in the case law as to what constitutes

good cause for a failure to exhaust. *See Wilson v. Thurmer*, No. 08-cv-285-bbc, 2008 WL 4762053, at *5 (W.D. Wis. Oct. 29, 2008) (collecting cases).

Below states that the reason for his delay in exhausting his ineffective assistance of appellate counsel claims (grounds five through fourteen of his petition) is that his appellate lawyer failed to "investigate and argue." (Docket #2). This is not a reason for his delay in exhausting his claims; this is the basis for the ineffective assistance claims that he now presents as grounds five through fourteen in his habeas petition. As soon as Below's appellate proceedings concluded on September 14, 2016, he could have filed a post-conviction motion raising the ineffectiveness of his appellate counsel. Instead, he filed nothing in the state court to pursue exhaustion of his unexhausted grounds. More than a year later, when he filed the instant petition, he still had not filed a post-conviction motion in a Wisconsin state court raising his ineffective assistance of appellate counsel claims. *See id.*

Below's additional reasons for his delay are also unavailing. He says that his appellate counsel took "some time" to inform him about the Wisconsin Supreme Court's decision to deny review and to send him his case file. *Id.* He says that the case file is large and therefore difficult to manage, and his room in prison was searched twice causing his legal papers to get "mixed-up." *Id.* Below also claims that his friend hired a private investigator to help Below but the investigator did not investigate as promised. *Id.* Finally, Below claims to be mentally incompetent. *Id.*

That preparing a post-conviction collateral attack is difficult is not sufficient to warrant a stay. A petitioner's lack of legal knowledge does not constitute good cause, "because virtually any *pro se* [petitioner] could meet that standard." *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (quoting *Rhines*, 544 U.S. at 277). Confinement places hurdles in the way of a

prisoner's pursuit of post-conviction relief, to be sure; but if the Court excused Below's delay based on the common obstacles associated with confinement, it would have to grant a stay in nearly every prisoner's case.

Finally, this is not an instance where the petitioner claims to be confused about the state court deadlines for his post-conviction motion practice. The Seventh Circuit in *Pace v. DiGuglielmo* addressed the possible plight of a petitioner, trying in good faith to exhaust state remedies, who might litigate in state court for years only to find out that his claim was never properly filed and thus his federal habeas petition is time-barred. 544 U.S. 408, 416 (2005). To avoid that predicament, the Supreme Court suggested that a petitioner seeking state court post-conviction relief could also file a petition in federal court and ask the federal court to stay federal habeas proceedings until he exhausted state remedies. *Id.*; *see also Yeoman*, 875 F.3d at 838. But Below's motion for a stay makes clear that knows full well the appropriate avenue for relief in the state courts for his claims of ineffective assistance of appellate counsel; he simply has not yet pursued it.

Below's dilatoriness in pursuing his unexhausted claims, coupled with the Supreme Court's admonition that stay and abeyance "should be available only in limited circumstances," convinces the Court that no stay and abeyance should be permitted in this case. *Rhines*, 544 U.S. at 277. His motion will be denied.

### 2.4    Procedural Default

Having determined that a stay and abeyance is not appropriate in this case, the Court returns to the remaining elements of the screening process. It next reviews Below's petition to determine whether he has procedurally defaulted on any of his exhausted claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the

court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Below has procedurally defaulted on his properly exhausted claims.

### 2.5 Frivolous Claims

The Court concludes its Rule 4 review by screening for patently frivolous claims in Below's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Below's properly exhausted claims, it does not plainly appear that they are frivolous. The Court harbors concern that some of Below's claims appear to present only issues of state law, which are not reviewable by this Court in a habeas proceeding, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), but the Court will leave that issue to be briefed by the parties.

### 3. CONCLUSION

For the reasons stated above, the Court will deny Below's motion for a stay and abeyance. The Court will order that Below choose whether to proceed solely on the basis of his existing, properly exhausted claims or voluntarily dismiss this action and proceed with additional post-conviction motion practice in Wisconsin courts.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay and abeyance (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted claims in state court; or (2) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claims.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge