# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREGORY TYSON BELOW,

                Petitioner,

v.

BRIAN FOSTER,

                Respondent.

Case No. 17-CV-1709-JPS

**ORDER**

On March 26, 2018, the Court screened Petitioner Gregory Tyson Below's ("Below") petition. (Docket #6). The Court determined that Below presented a "mixed" petition, where his state court remedies were exhausted as to some of the grounds for relief, but not others. *Id.* at 3–5. The Court ordered Below to either dismiss this action to exhaust his unexhausted claims, or to file an amended petition which advanced only the exhausted claims. *Id.* at 5. Alternatively, Below also requested a stay and abeyance of his petition so he could return to state court and exhaust all of his claims. (Docket #2). The Court determined that he did not demonstrate good cause for failing to exhaust the claims, and so denied the request for a stay. (Docket #6 at 6–8).

On April 4, 2018, Below filed a motion for reconsideration of the Court's denial of his motion for a stay and abeyance. (Docket #8). Though Below cites no law in support of his request, only one procedural rule could apply. Federal Rule of Civil Procedure ("FRCP") 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation

of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

Below's motion falls far short of demonstrating exceptional circumstances. He merely reiterates certain reasons why he believes aspects of his delay should be excused. None of those reasons are inconsistent with the Court's analysis in its original screening order. In the end, simply asserting "that the . . . court's underlying judgment was wrong . . . is an impermissible use of Rule 60(b)." *Tylon*, 97 F. App'x at 681. That is precisely what Below does here. His motion for reconsideration will be denied.

While the motion for reconsideration was pending, Below submitted a number of other filings. On April 5, 2018, he filed a letter asking various questions of the Court about dismissing this case and the statute of limitations. (Docket #9). The Court cannot act as Below's legal advisor and is therefore unable to answer either question. Next, on April 18, 2018, Below filed a letter stating that he would like to proceed only on his exhausted claims in the event his motion for reconsideration was denied. (Docket #10). He also filed an amended petition. (Docket #11 and #12).

As it did with his original petition, the Court must screen Below's amended petition under Rule 4 of the Rules Governing § 2254 cases. Below's amended petition offers only the exhausted claims identified in the Court original screening order, albeit with some additional factual explication. (Docket #11 at 37–43; Docket #6 at 4). As the Court explained in that order, those claims also do not appear to be procedurally defaulted or frivolous. (Docket #6 at 89). The Court will, therefore, order respondent to file an answer to the amended petition.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #8) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

   a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by petitioner.

   c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b. The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the petitioner is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondent copies of documents submitted to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the amended petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge